UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADOLFSON & PETERSON, INC.,

    Plaintiff,

v.                                                        CASE NO. 3:16-cv-1394-J-20MCR

SILVER CREEK GENPAR, LLC,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery (the "Motion") (Doc. 55), Defendant's response in opposition thereto (Doc. 61), Plaintiff's Motion for Leave to File Reply (Doc. 64), and Defendant's response in opposition to the Motion for Leave to File Reply (Doc. 67). Upon consideration of the parties' submissions and relevant legal authority, the Motion is due to be **GRANTED in part and DENIED in part** for the reasons stated herein.[1]

Plaintiff seeks the Court to issue an order requiring Defendant to: (1) produce the computer of its late owner, Mitchell Montgomery, for inspection and imaging, (2) provide a compliant privilege log, and (3) to provide complete answers to Plaintiff's supplemental interrogatories numbers 1-6. While

---

[1] The Motion for Leave to File Reply (Doc. 64) is due to be denied as unnecessary. The seven-page motion also violates Local Rule 3.01(d) because it includes substantive reply arguments within the motion. However, the Court did consider the substantive arguments made in the motion (Doc. 64), as well as Defendant's response to those arguments (Doc. 67), in rendering its decision. Upon consideration, Plaintiff's request for oral argument (Doc. 66) is denied as unnecessary.

Defendant has responded to Plaintiff's first request, it has not meaningfully addressed Plaintiff's second and third requests and, therefore, the Court deems Plaintiff's second and third requests unopposed.

Plaintiff essentially argues that Defendant has evaded its obligation to produce Mr. Montgomery's email communication regarding construction of the St. Augustine senior care facility at issue in this lawsuit. Plaintiff questioned Defendant's initial production when it received less than 25 emails from Defendant although Plaintiff received hundreds of emails involving Mr. Montgomery pursuant to a third party subpoena to Mr. Montgomery's prior law firm. Plaintiff further questioned the production after the conflicting testimony of Elsa Montgomery, Mr. Montgomery's widow, about the method of retrieval.

Since Ms. Montgomery's deposition, and after the filing of the Motion, Defendant has revisited its production efforts and now confirms that all emails contained within Mr. Montgomery's computer from 2011 to June 2017 were placed on Ms. Montgomery's computer. (Doc. 61 at 4.) Defendant further confirms that on July 10, 2018, it produced all such emails to Plaintiff (1,427 pages).[2] (Docs. 61 at 4, 61-3 at 2.) Ms. Montgomery canceled Mr. Montgomery's

---

[2] Although Plaintiff questions Defendant's method of retrieval, Jan McCormick, Mr. Montgomery's transactional attorney since 2014, attested to personally opening and reviewing all emails related to the project on Ms. Montgomery's computer from August 2011 through Mr. Montgomery's death. (Doc. 63-1.) This process took her 15.5 hours to complete. (*Id*.) Certain relevant metadata, consisting of the identity of the sender and receiver(s), date, time, and attachments, is shown on the hard copies of emails produced. (Doc. 67-1 at 2.) The Court finds Defendant's most recent efforts to be sufficient in light

email service on February 8, 2018 (Doc. 61-2 at 2) and Defendant therefore argues that a forensic examination of Mr. Montgomery's computer would be pointless as all emails were deleted upon cancellation (Doc. 61 at 4-5). Defendant also found eight additional boxes of documents that may be responsive to the requests and produced those documents to Plaintiff.

In light of the foregoing, the Court determines that the first issue is now moot.  Defendant has confirmed it produced all emails from Mr. Montgomery's computer from 2011 through his death in June, 2017.  As stated by Defendant, a forensic examination of Mr. Montgomery's computer would be pointless. Although Plaintiff continues to be unsatisfied with Defendant's explanation and belated production, the Court finds that any further time spent on this issue would be a waste of resources for the parties and the Court.  Nevertheless, the Court admonishes Defendant for its delinquent efforts in retrieving discovery on this issue.  While the undersigned is certainly sympathetic to the circumstances surrounding Mr. Montgomery's death, such circumstances do not excuse Defendant's discovery obligations in this lawsuit.  Plaintiff, however, only sought to compel the forensic examination of Mr. Montgomery's computer and that issue is now moot.

Defendant failed to respond to Plaintiff's request for a compliant privilege log.  In light of Defendant's recent production, it is unclear what, if anything,

---

of Ms. McCormick's testimony.

Defendant is withholding from production.  Thus, Defendant will be required to produce a replacement privilege log that comports with the Federal Rules of Civil Procedure.  Defendant will be required to file a replacement privilege log within ten (10) days of the date of this Order providing for each separate withheld document (1) the authors and their capacities, (2) the recipients (including copy recipients) and their capacities, (3) the subject matter of the document, (4) the purpose of its production, and (5) a detailed, specific explanation of why the document is privileged or immune from discovery.  *See Gupta v. Walt Disney World Co.*, No. 6:05-cv-1432-Orl-22JGG, 2006 WL 2724899, at *1 (M.D. Fla. Sept. 22, 2006).

   Finally, Defendant failed to respond to Plaintiff's request to compel better answers to supplemental interrogatories numbers 1 through 6.  The Court agrees with Plaintiff that Defendant's answers are partially evasive to the extent they vaguely refer to "documents produced to Plaintiff," "deposition testimony," and its "Sixth Affirmative Defense."  Defendant will be required to provide complete answers to the supplemental interrogatories within ten (10) days of the date of this Order.

   To the extent Plaintiff requests a "short" extension of the discovery deadline in this matter, Plaintiff failed to set forth the exact nature of its request.  Plaintiff may file a separate motion to extend discovery that complies with the Local Rules if it wishes to do so.  However, in doing so Plaintiff shall keep in mind

that dispositive motions have already been filed and trial is quickly approaching. An extension of the discovery deadline at this point may require an extension of other deadlines, including trial.

Accordingly, it is **ORDERED**:

Plaintiff's Motion (**Doc. 55**) is **GRANTED in part and DENIED in part** to the extent stated in this Order.  Defendant shall provide a replacement privilege log and complete answers to Plaintiff's supplemental interrogatories that comply with the Federal Rules of Civil Procedure and this Order within ten (10) days from the date of this Order.  The Motion is otherwise denied.

**DONE AND ORDERED** at Jacksonville, Florida, on August 9, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record